HARTZ, Circuit Judge,
concurring:
I concur in the result and join all of Judge Kelly’s opinion except the discussion of Mr. Davis’s claim (not preserved in district court) that the jury instruction on aiding and abetting was erroneous because it did not require the jury to find that he knew before the robbery that a gun would be used. I would approach that issue somewhat differently.
To begin with, Mr. Davis’s claim is based on a misconception of what constitutes a robbery. We have consistently held that the escape is part of the robbery. Indeed, we refer to the “escape phase of the bank robbery.” United States v. Von Roeder, 435 F.2d 1004, 1010 (10th Cir. 1971) (“The escape phase of a crime is not, as appellant apparently argues, an event occurring ‘after the robbery.’ It is part of the robbery. One who participates in and assists in the escape of the parties who were in the bank aids and abets the bank robbery and is properly charged as a principal”), vacated on other grounds sub nom. Schreiner v. United States, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971). Accord United States v. Willis, 102 F.3d 1078, 1083 (10th Cir.1996); United States v. Balano, 618 F.2d 624, 631 (10th Cir. 1979) (“There is no doubt that one who assists an escape should be charged under 18 U.S.C. § 2 [aiding and abetting] rather than 18 U.S.C. § 3 [accessory after the fact].”). Therefore, it was enough that Mr. Davis knew of the gun before driving the escape car. It was undisputed at trial that Mr. Davis knew of the gun by that time, so any error in the instruction regarding the required timing of knowledge was inconsequential.
That would dispose of the matter except for a point raised by the Supreme Court’s recent opinion in Rosemond v. United States, — U.S. -, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014). According to the Court, if the alleged accomplice learned that the principal had a gun after there was “no realistic opportunity to quit the crime,” id. at 1249, then he may not have aided and abetted the offense if he therefore lacked the requisite intent to “participate in [the venture] as in something that he wishe[d] to bring about,” id. at 1248 (internal quotation marks omitted). The opinion noted the possibility that one who insisted that no gun be used in a drug *1195 offense would not be able to bail out if a confederate unexpectedly revealed a gun during the transaction. See id. at 1251. Mr. Davis has never argued that he was intimidated into driving the getaway car, but perhaps the issue must be addressed under plain-error review in light of Rosemond. Mr. Davis’s argument would have to be that because the jury was not instructed that he had to know of the firearm before he assisted in the crime, the jury never had to consider whether he willingly drove the getaway car.
I would still find no plain error. Under the third prong of plain-error review, Mr. Davis must show that he was prejudiced by the allegedly faulty instructions. He has shown no such prejudice. There would be absolutely no reason for the jury to doubt that he willingly drove the getaway car. Although Mr. Davis told the law-enforcement officers that Mr. Baker was carrying a gun when he entered the getaway car, he went on to say that Mr. Baker then simply placed the gun by the steering wheel, hardly a threatening gesture. I do not read Rosemond to add to the traditional elements of aiding and abetting a separate realistic-opportunity-to-quit element; rather, the point about having a realistic opportunity to quit was simply a corollary derived from the traditional elements. The holding of Rosemond is that the jury must be instructed that one cannot be guilty of aiding and abetting an offense unless he knows that all the elements of the offense have been or will be committed before he “participate^ in it as in something that he wishes to bring about.” Id. at 1248 (internal quotation marks omitted). If the defendant does not learn of one of the elements (say, the possession of a gun by the principal) until there is no longer a realistic opportunity to quit, the defendant may continue to participate in the offense even though the offense is not something he wishes to bring about. But it may well be, and I suspect that this will often be the case, that even when, say, the getaway driver learns something after it is too late to back out, the jury will still find that the driver wished the crime to succeed. The jury’s verdict will depend on how it evaluates the evidence. The Court’s point in Rosemond is simply that the jury must be properly instructed so that it does not render a guilty verdict without determining whether the defendant, having knowledge of all the elements of the crime, still participated with the wish that the crime succeed. Here, Mr. Davis has not suggested, and I see no reason to infer, that the jury would not have found him guilty under proper instructions. We do not speculate to find prejudice under the third prong of plain-error review.